UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HECTOR AND CARMEN MARTINEZ,

        Plaintiffs,

  v.                                                   Case No. 14-C-2

VERICREST FINANCIAL, et al.,

        Defendants.

**ORDER DENYING MOTION TO STRIKE**

Plaintiffs have filed a motion to strike twenty-one out of twenty-five of the Defendants' affirmative defenses on the grounds that the defenses are merely conclusory recitations (e.g., "each claim is barred by the doctrine of unclean hands") that fail to provide adequate notice under the Federal Rules of Civil Procedure.

As Plaintiffs note, some courts take the view that "what's good for the goose is good for the gander," *Racick v. Dominion Law Assocs.,* 270 F.R.D. 228 (E.D.N.C. 2010), and require affirmative defenses to be pled with the same kind of particularity and information as the claims found in a plaintiff's complaint. *See, e.g., Renalds v. S.R.G. Restaurant Group,* 119 F.Supp.2d 800 (N.D. Ill. 2000) (noting that motions to strike affirmative defenses are disfavored, but then analyzing, in a ten-page opinion, each affirmative defense). The theory, as Plaintiffs put it, is that boilerplate affirmative defenses require the plaintiff to engage in discovery to discern the nature of the defense. But we must remember that answers are filed at a very early stage of the proceedings, and often the defendant has only had a matter of weeks to understand the nature of the claims leveled against it.

As such, it cannot possibly be expected to have the same kind of information at hand that the plaintiff does. It is true that motions to amend are to be granted freely, which should allow defendants to proceed without fear of waiving defenses not pled immediately. In other words, a defendant need not plead every conceivable defense merely to ensure the defense is not waived. But amendments require effort too, and sometimes court rulings, and so that is not a perfect solution either.

The motion to strike is brought in the name of efficiency, namely, the desire to clear up "clutter" and to avoid conducting discovery to learn more about the asserted defenses. But the motion, of course, requires its own effort and expense, as well as the involvement of the Court. If the defenses are stricken, the Defendants would be granted leave to re-file them through an amendment, which would involve more effort and expense. It is not clear that this approach is any better than simply issuing an interrogatory to learn the nature of the questioned defenses. The truth is that the defenses cited by the Plaintiff are quite commonplace, which means that similar motions could likely be brought in fully half of all civil actions that come before this Court. The fact that such motions are actually exceedingly rare suggests that attorneys generally work such matters out informally without motion practice.

In any event, here there do not appear to be any defenses that are legally insufficient on their face. *United States v. 416.81 Acres of Land,* 514 F.2d 627, 631 (7th Cir.1975). Instead, the objection is that the defenses are not particular enough. In addition, this case has now proceeded to the point where the parties have engaged in mediation, which means the nature of the defenses is by now probably quite clear.

Based on the foregoing considerations, the motion to strike will be **DENIED**. Instead, the Court will adopt Defendant's suggestion and order Defendant to file an amendment of its affirmative defenses eliminating those that it does not intend to pursue within the next twenty days or otherwise provide such information and assurance to Plaintiff.

**SO ORDERED** this 20th day of August, 2014.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court